IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERICA J. DUNCAN, # 17235-045,

Petitioner,

vs.

UNITED STATES of AMERICA,

Respondent.                                              Case No. 13-cv-164-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the Federal Prison Camp at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence. This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Following a jury trial, petitioner was convicted of conspiracy to manufacture, and manufacture of a controlled substance, and was sentenced on December 14, 2005, to a term of 151 months. *United States v. Duncan*, Case No. 04-cr-208 (W.D. Mo., Doc. 201). Her petition, filed on February 19, 2013,

states that she has a projected release date of July 16, 2014 (Doc. 1, p. 1). She claims that prison officials are not complying with the Second Chance Act, which provides that an inmate may be placed in a halfway house/Residential Reentry Center ("RRC") for the final portion of her federal sentence, for up to 12 months (Doc. 1, p. 14-16). *See* 18 U.S.C. § 3621(b) and §3624(c). In particular, she claims that prison officials have refused to consider placing inmates in an RRC for more than six months[1] (Doc. 1, pp. 19, 23), and have failed to evaluate each inmate for RRC placement within the time frame of 17-19 months prior to their release date (Doc. 1, pp. 16-18).

It appears that petitioner, like several other Greenville inmates, has used a pre-printed petition and filled in her specific conviction and sentence information, and projected release date on pages 1, 2, 6, and 29. Some of the allegations in the petition are contradicted by petitioner's attached exhibits. For example, the exhibits show that petitioner applied in July 2012 for RRC placement (Doc. 1-1, p. 35), and obtained a response on October 7, 2012, over 21 months before her projected release date (Doc. 1-1, p. 36). She was informed that her Unit Team planned to recommend her for seven and one-half months (230 days) in RRC, to begin on November 5, 2013. Further, she would be eligible for home confinement starting on December 22, 2013. *Id.* This recommendation referenced the Second Chance Act and the five factors that must be considered under 18 U.S.C. §

---

[1] Prior to the adoption of the Second Chance Act (which was signed into law on April 9, 2008), RRC placement was limited to a maximum of six months (*See* Doc. 1-1, pp. 5-8).

3621(b).[2] It stated that the Unit Team's recommendation was based on petitioner's request for RRC placement for up to 12 months, her length of sentence, her age, the time spent incarcerated, her family support including frequency of visits and deposits to her inmate account, her conduct during incarceration, her release plan, and programs completed (Doc. 1-1, p. 36).

As relief, petitioner seeks an order requiring prison officials to implement the Second Chance Act "on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b)," and to grant her the maximum amount of time in RRC placement (Doc. 1, p. 29).

Petitioner further requests the Court to excuse her from the requirement that she exhaust her administrative remedies prior to bringing a habeas action (Doc. 1, pp. 17, 20-22, 24). *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court). Petitioner states that exhaustion would take at least four months (Doc. 1, p. 17),[3] but could require

---

[2] These factors are: the resources of the facility contemplated; the nature and circumstances of the offense; the history and characteristics of the prisoner; any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. 18 U.S.C. § 3621(b).

[3] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, she must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance,

up to 220 days to complete if administrators' responses are delayed, by which time much of her potential twelve months of RRC time would have passed (Doc. 1, p. 25). *See* 28 C.F.R. § 542.18. Despite the fact that petitioner was given an RRC recommendation in October 2012, she claims that she has been unable to begin pursuit of her administrative remedies (Doc. 1, p. 25). She includes no information on any attempts she may have made to seek administrative review of the decision to recommend her for seven and one-half months of RRC time.

In addition, petitioner has not named the proper respondent in this habeas action. In a habeas corpus proceeding, an individual respondent who has the authority to bring the petitioner before the Court must be named. This individual is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006). Therefore, the instant petition shall be dismissed, and petitioner must submit an amended petition which names the proper respondent if she wishes to proceed with this case.

Equally important, if the Court is to consider any waiver of the requirement to exhaust administrative remedies within the Bureau of Prisons ("BOP") before initiating a habeas action, the Court must be informed of what attempts petitioner has made to obtain relief through administrative action and appeals.

---

the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before April 2, 2013**. The amended petition shall include complete and accurate information regarding the steps petitioner has taken to seek administrative review of the RRC placement decision and the response, if any, she has received from BOP officials. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition and attachments (Docs. 1, and 1-1). *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. In addition, petitioner must resubmit any exhibits and attachments that she wishes the Court to consider along with her amended petition. Failure to file an amended petition shall result in the dismissal of this action.

In order to assist petitioner in preparing her amended petition, the Clerk is **DIRECTED** to mail her a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

### Pending Motion to Proceed In Forma Pauperis (Doc. 4)

When this action was filed on February 19, 2013, petitioner did not pay the $5.00 habeas filing fee. Later, on February 28, 2013, she filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 4). The next day, she paid the $5.00 filing fee in full (Doc. 5). Because the filing fee for this action has been paid, the motion to proceed IFP (Doc. 4) is **DENIED AS MOOT.**

Thus, the instant petition (Doc. 1) is **DISMISSED without** prejudice as petitioner is **DIRECTED** to file an amended petition in accordance with the Court's directives on or before **April 2, 2013**.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2013.

David R. Herndon
2013.03.12
13:45:05 -05'00'

**CHIEF JUDGE
UNITED STATES DISTRICT COURT**